**In re James R. STRUEBING, Debtor.**

No. 00–12466 K.

United States Bankruptcy Court, W.D. New York.

Dec. 29, 2000.

David F. Butterini, Kenmore, NY, for debtor.

Thomas J. Gaffney, Buffalo, NY, trustee.

MICHAEL J. KAPLAN, Bankruptcy Judge.

In the case of *In re Lowe,* 252 B.R. 614 (Bankr.W.D.N.Y.2000), this Court held that funds in a certain "profit sharing fund" were not exempt. A debtor participating in that fund could himself readily invade the fund, and so a bankruptcy trustee also could do so, this Court held. In the case of *In re Johnson,* 254 B.R. 786 (Bankr.W.D.N.Y.2000), this Court held that funds in a certain "deferred compensation plan" were not exempt. Even though a participant in that plan could not readily reach the funds, this Court ruled that her creditors could, and consequently a bankruptcy trustee could do so as well.

In the present case, the funds at issue are in a deferred compensation fund and are not exempt because they fall within the ambit of the *Johnson* case. The Debtor here perceives that ruling as a finding that the funds are like "cash in the bank," and consequently he seeks an exemption for "cash" under § 283 of the New York Debtor and Creditor Law, which permits, under some circumstances, an exemption for cash not to exceed $2500.

The Debtor misconstrues the Court's prior holdings. Neither *Lowe* nor *Johnson,* nor any other holding of this Court deems funds that are in a non-exempt deferred compensation plan or a non-exempt profit sharing plan to be "like cash in the bank." Rather, the precise quote in this regard comes from the *Lowe* decision, wherein the Court addressed a debtor's argument that New York Debtor and Creditor Law § 282, subdivision 2, provided an unlimited exemption for any monies in any stock bonus, pension, or profit sharing plan. This Court stated: "The Debtor's reasoning would exempt a profit sharing plan regardless of amount and regardless of whether or not the funds therein are available to the Debtor like 'cash in the bank' without tax penalty or age limitation. In fact, the exemptibility of cash, 'cash equivalent' and other forms of 'money in the bank' is not the subject of

§ 282(2). Rather, it is § 283(2) of the Debtor and Creditor Law that permits a debtor, under some circumstances, to 'exempt' cash in the amount by which $5,000 exceeds the aggregate of his [other personal property exemptions] or in the amount of $2,500, whichever amount is less.' And that statute states 'for purposes of this subdivision, cash means currency of the United States at face value, savings bonds of the United States at face value, the right to receive a refund of federal, state and local income taxes, and deposit accounts in any state or federally chartered depository institution.' " *Lowe* at 622.

Thus, this Court did not declare funds sitting in a profit sharing or deferred compensation plan to be "cash in the bank" or "money in the bank." Rather, this Court rejected a line of reasoning which, if accepted, would provide an unlimited exemption for such funds even if they were as freely available as "cash in the bank." N.Y. Debt. & Cred. Law § 283(2) (McKinney 1990).

■ To be entitled to the cash exemption sought, the Debtor must establish that the funds in his deferred compensation plan are funds in a "deposit account in any state or federally chartered depository institution."

■ The Court is unaware of any definition of "depository institution" for purposes of New York State Law. However, for purposes of the Federal Deposit Insurance Corporation, "The term 'depository institution' means any bank or savings association." 12 U.S.C.A. § 1813(c)(1) (West 1989). The Court invites the Debtor to provide authority for the proposition that funds in this deferred compensation plan are funds in a "depository institution" for purposes of Debtor and Creditor Law § 283(2), but in the absence of a citation of authority, the Court thinks it clear that this is an investment plan and not a depos-

it account. Section 4 of the Plan[1] requires that the Plan Trustee invest funds promptly in accordance with the investment directions of the participant, with regard to specific "Investment Funds provided by one or more Financial Organizations appointed by the [Plan] Board in accordance with the Regulations, to be held, managed, invested and reinvested in accordance with the applicable agreement entered into by the Board or the Trustee with each such Financial Organization." [§ 4.1 of the Plan.]

Consequently, this Court does not believe that the funds are in a "depository institution." But even if the funds were viewed to be in a "depository institution," this is not a "deposit account." The Plan Trustee might invest funds in financial institutions under circumstances in which those funds are "deposits" for various purposes including federal deposit insurance, but in such event it is the Plan Trustee who is the depositor under the provisions of the Plan, not the Debtor. Rather, the Debtor's right under the Plan is to a "Plan Benefit," which means "the interest of such Participant in the Trust Fund." [§ 1 of the Plan.] And with respect to her Plan Benefit, she is entitled to receive "distributions" in accordance with, and under the circumstances set forth, in § 7 of the Plan. "Withdrawals" under the Plan are a different matter. "Withdrawals" are governed by § 6 of the Plan. That section does not speak of an ability of the participant to withdraw funds, but instead speaks of the ability of the "Plan Trustee" to make withdrawals from the Investment Funds, in order that "a payment" can be made to the participant in an amount necessary to meet a financial need that was created by an unforeseeable emergency that the participant has suffered. An "unforeseeable emergency" is defined in the section, and

"sole discretion" is vested in the Plan's "Administrative Service Agency" to evaluate the claimed emergency and to "permit a payment to be made to the Participant."

Even the portion of § 6 that deals with the unqualified right of certain participants to withdraw from the plan does not use the term "withdraw." Rather, it states that a Participant whose interest does not exceed $5,000 and who stopped deferring compensation more than two years previously, and who has never previously made the same election, "may elect at any time to receive a lump sum distribution of his or her 'Plan Benefit.' " [§ 6.3]

Given the very nature of the Plan as a "deferred compensation" plan, it is critical that the plan respect the fact that in a strict, technical sense the dollars themselves are not her dollars because although she earned them, she elected to defer receipt of them. Thus, it is seen throughout the Plan that meticulous effort has been exercised uniformly to view her interest as being that of a beneficiary of a trust fund and not a "depositor" of property.

Thus, in the *Johnson* case, which dealt with the same deferred compensation plan, this Court's nuanced statement of the matter was this: "The monies in the Debtor's account derived from no source other than monies she earned as an employee, and her share of earnings of the trust." *Johnson* at 793. And also it was stated in that case "The funds 'proceeded from' the Debtor herself (money fully earned by her labors, which she freely elected to defer)."[2] *Id.* at 796.

In sum, a participant in this deferred compensation plan voluntarily, contractually distances himself or herself from the fund—not far enough for the funds to be exempt, but too far away to be considered

---

1. A summary of each of the Plan's provisions is set forth in the *Johnson* decision.

2. This writer was less artful in stating, in the *Johnson* decision, that "The trust that is part of this Debtor's estate was 'created' when she

placed some of her earned income into the trust." A more correct statement would have been: " . . . when she deferred some of her income and so provided the requisite 'corpus.' "

to be a "deposit account" in a "depository institution."

The Trustee's objection to the Debtor's claim of a "cash exemption" with regard to her deferred compensation account is sustained.

SO ORDERED.